RUSS AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
mfenster@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
T (310) 826-7474
F (310) 826-6991

KING & WOOD MALLESONS LLP
Robert Whitman (pro hac vice)
robert.whitman@us.kwm.com
500 Fifth Avenue, 50th Floor
New York, New York 10110
T (212) 319-7455
F (917) 591-8167

Attorneys for Defendants
DAMAI ENTERTAINMENT, LLC
DR. PENG HOLDING INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JETSEN HUASHI MEDIA US CO., LTD, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAMAI ENTERTAINMENT, LLC, a California limited liability company; and DR. PENG HOLDING INC., a California corporation,<br><br>Defendants. | Case No. 2:20-cv-08627-SVW-E<br><br>**REPLY IN SUPPORT OF MOTION OF (1) DEFENDANT DR. PENG HOLDING INC. TO DISMISS PLAINTIFF'S THIRD CLAIM OF RELIEF AND (2) DEFENDANT DAMAI ENTERTAINMENT, LLC TO DISMISS PLAINTIFF'S FOURTH AND FIFTH CLAIMS FOR RELIEF UNDER FED. R. CIV. PROC. 12(B)(6)**<br><br>Date:        March 8, 2021<br>Time:       1:30 p.m.<br>Courtroom: 10A |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF**

## Table of Contents

I. INTRODUCTION ................................................................................................1

II. ARGUMENT .....................................................................................................2

   A. Jetsen Has Failed to Plead Adequate Facts to State a Claim of Vicarious Copyright Infringement Against Dr. Peng Holding. .............................................2

      1. Jetsen has not pleaded facts to show that Dr. Peng Holding has the right and ability to supervise the alleged infringing conduct.......................................2

      2. Jetsen has not pleaded facts to show that Dr. Peng Holding has a direct financial interest in the alleged infringing activity..............................................5

   B. Jetsen Has Failed to Plead Adequate Facts to State a Claim against Damai under 47 U.S.C. §§ 605, 553 or California Penal Code §§ 593d, 593e. .................6

III. CONCLUSION ................................................................................................7

# Table of Authorities

## CASES

*ALS Scan, Inc. v. CloudFlare, Inc.*,
CV 16-5051-GW (AFMx), 2017 WL 1520444
(C.D. Cal. Feb. 16, 2017) ................................................................................... 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................... 7

*Broadcast Music, Inc. v. Larkin*,
672 F. Supp. 531 (D. Me. 1987) ....................................................................... 4

*Fahmy v. Live Nation Entertainment, Inc.*,
No. 2:15–cv–01158–CAS (PJWx), 2015 WL 3617040
(C.D. Cal. June 8, 2015) .................................................................................... 5

*J&J Sports Productions, Inc. v. Lim*,
CV 14–06981 WDK–PLA, 2015 WL 4366255
(C.D. Cal. July 16, 2015) ................................................................................... 7

*Netbula, LLC v. Chordiant Software, Inc.*,
No. C 08-00019 JW, 2009 WL 750201 (N.D. Cal. Mar. 20, 2009) ................... 5

*Perfect 10, Inc. v. Visa Intern. Serv. Ass'n*,
494 F.3d 788 (9th Cir. 2007) ............................................................................. 2

*Polygram International Publishing, Inc. v. Nevada/TIG, Inc.*,
855 F. Supp. 1314 (D. Mass. 1994) ............................................................. 3, 4

## STATUTES

Cal. Corp. Code § 17703.01 ................................................................................. 3
Cal. Corp. Code § 17703.04 ................................................................................. 3
Cal. Corp. Code § 17704.07 ................................................................................. 3

ii

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF**

Defendants Dr. Peng Holding Inc. ("Dr. Peng Holding") and Damai Entertainment, LLC ("Damai") respectfully submit this Reply in Support of the Motion of (1) Defendant Dr. Peng Holding to Dismiss Plaintiff's Third Claim of Relief and (2) Defendant Damai to Dismiss Plaintiff Jetsen Huashi Media US Co., Ltd.'s ("Jetsen") Fourth and Fifth Claims for Relief under Federal Rule of Civil Procedure 12(b)(6).

## I.  INTRODUCTION

Rather than addressing the issues raised in Defendants' Motion to Dismiss, Jetsen instead spends the first pages of its Opposition arguing that, since Defendants have not moved to dismiss two of its asserted claims for relief, Defendants have purportedly conceded liability and/or were somehow caught red-handed. Jetsen's irrelevant sideshow underscores the weakness of its position. Those claims are based on Jetsen's alleged "facts" that it holds copyrights to shows that can be purchased over the Internet, that it alone was able to access those shows via a Damai box that connects television monitors to the Internet, and that this somehow results in copyright infringement. Defendants, of course, deny those allegations and intend to vigorously defend them. But even Jetsen's factual allegations, untrue though they are, are insufficient to state a claim as to the claims challenged in this motion.

Jetsen's First Amended Complaint, as well as its Opposition to Defendants' Motion to Dismiss, can be summed up by its egregious suggestion that Damai changed its management structure in response to receipt of Jetsen's cease and desist letter:

> Nearly contemporaneously with Plaintiff's cease and desist communication directed to Defendants in February 2020, Damai suspiciously filed an unsigned Statement of Information with California's Secretary of State, which changed the identity of its sole manager from an individual named Alice Ching to Dr. Peng Holding.

(Dkt. 26 at 2.)  In actuality, Damai changed its corporate structure ***before*** Jetsen sent

the letter—and Jetsen knows this. (*Compare* Dkt. 27-3 at 3 *with* Dkt. 19 at ¶ 27.) Jetsen, however, is unconcerned with actual facts or plausibility.

Specifically, the First Amended Complaint's Third Claim for Relief against Dr. Peng Holding (Dkt. 19 at ¶¶ 65–78) lacks factual allegations sufficient to state a claim that Dr. Peng Holding is liable for vicarious copyright infringement. Jetsen failed to plead facts showing Dr. Peng Holding has the right and ability to supervise the alleged infringing conduct, or that Dr. Peng Holding has a direct financial interest in the alleged infringing activity.

The First Amended Complaint's Fourth and Fifth Claims for Relief (*id.* at ¶¶ 79–89) also lack factual allegations sufficient to state a claim. Section 533 requires interception of cable transmissions and Section 605 requires interception of satellite transmissions. Yet Jetsen has failed to allege how its signal is even transmitted. Absent this basic, threshold fact, it is impossible to state a claim for relief.

Damai and Dr. Peng Holding respectfully submit that the Third, Fourth, and Fifth Claims for Relief in Jetsen's First Amended Complaint should be dismissed.

## II. ARGUMENT

### A. Jetsen Has Failed to Plead Adequate Facts to State a Claim of Vicarious Copyright Infringement Against Dr. Peng Holding.

#### 1. Jetsen has not pleaded facts to show that Dr. Peng Holding has the right and ability to supervise the alleged infringing conduct.

To state a claim for vicarious copyright infringement, a plaintiff "must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Perfect 10, Inc. v. Visa Intern. Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007). The First Amended Complaint sets forth a single, alleged fact in this regard: that Dr. Peng Holding is purportedly the only identified manager on Damai's limited liability company ("LLC") papers. (Dkt. 19 at ¶ 3.)

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF

Jetsen argues that because Dr. Peng Holding is the only identified manager of the Damai LLC—*and only because of that single fact*—it somehow follows that Dr. Peng Holding has the right and ability to supervise Damai's purportedly infringing conduct and has a direct right to Damai's revenues related to the alleged infringement. (Dkt. 26 at 4–6). In support, Jetsen cites to California's Revised Uniform Limited Liability Company Act ("CRULLCA"). (*Id.*). CRULLCA, however, describes the responsibilities of a manager; it does not describe who has the right or ability to control an LLC's alleged copyright infringement, or who has the right to LLC proceeds. *See* Cal. Corp. Code §§ 17703.01(b)(2), 17704.07(c)(1) (The act of a manager "binds the limited liability company.") To be sure, if Jetsen's argument was correct, every manager of every California LLC would *ipso facto* be liable for vicarious copyright infringement. Jetsen, of course, has cited no authority to support its argument. Indeed, CRULLCA specifically provides that a manager of a limited liability company is not liable for the liabilities of the company, "whether arising in contract or tort" "solely by reason of the . . . manager acting as a manager for the limited liability company." Cal. Corp. Code § 17703.04. Jetsen's argument and reliance on documents from the California Secretary of State's website does nothing more than show that Damai is a California LLC and that Dr. Peng Holding is identified as the manager of Damai.

Jetsen's reliance on non-precedential *Polygram International Publishing, Inc. v. Nevada/TIG, Inc.*, 855 F. Supp. 1314 (D. Mass. 1994), is misplaced. (Dkt. 26 at 4.) In *Polygram,* a copyright holder in songs sued a trade show organizer for, *inter alia*, vicarious copyright infringement based on the performance of copyrighted songs at the trade show. *Polygram*, 855 F. Supp. at 1317–18. The Massachusetts court held that the trade show organizer was **not** liable for vicarious copyright infringement. In *dicta*, however, the court stated that the trade show organizer in the context of vicarious copyright liability had the right and ability to control and supervise its exhibitors because (i) it required the exhibitors to agree to "Rules and

3

1  Regulations" that included the playing of songs at certain volumes (and thus, the
2  court noted, the trade show organizer could have prohibited or regulated the playing
3  of music, or could have required the exhibitors to obtain copyright licenses before
4  playing music), (ii) the same Rules and Regulations provided that the trade show
5  organizer could police exhibitors during shows, and (iii) the trade show organizer
6  had "10 to 12 [] employees walk[] the aisles to ensure 'rules compliance'" at the trade
7  shows. *Id.* at 1329. Jetsen's First Amended Complaint fails to allege anything
8  similar to the type of control and supervision that existed in *Polygram*. In fact, and
9  in direct contrast to *Polygram*, Jetsen alleged no facts regarding Dr. Peng Holding's
10 actual control or actual supervision of any purported copyright infringement.

11     Jetsen then suggests that a "defendant's name on a liquor license identifying
12 her as the manager" is indicative of control, citing to non-precedential *Broadcast*
13 *Music, Inc. v. Larkin*, 672 F. Supp. 531 (D. Me. 1987), for support. (Dkt. 26 at 5.)
14 Review of this case shows that Jetsen is yet again wrong. In *Broadcast Music*, a
15 copyright holder of songs sued Robert and Caroline Larkin, the owner and manager
16 respectively of an unincorporated nightclub, for performing songs without a license.
17 *Broadcast Music*, 672 F. Supp at 533. The plaintiff served Requests for Admissions
18 that the defendants failed to answer (and thus were presumed admitted) and filed a
19 summary judgment motion that went unopposed. *Id*. at 533–34. The Court granted
20 summary judgment of vicarious copyright infringement, noting the unchallenged
21 evidence showing that the two defendants provided "significant control over the daily
22 operation of the business," including but not limited to Ms. Larkin executing and
23 recording city and state liquor license applications, and Mr. Larkin submitting UCC
24 financing statements indicating he personally guaranteed the nightclub's financial
25 obligations. *Id*. at 534. In contrast, Jetsen has alleged no facts indicative of Dr. Peng
26 Holding having any "significant control over the daily operation of [Damai's]
27 business."
28     Jetsen has failed to identify any precedent that indicates, without more, that a

4

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF**

person or corporation identified as a manager on an LLC statement somehow renders it plausible that the person or corporation is liable for vicarious copyright infringement. *See Netbula, LLC v. Chordiant Software, Inc.*, No. C 08-00019 JW, 2009 WL 750201, at *4 (N.D. Cal. Mar. 20, 2009) (dismissing vicarious copyright liability claim because the plaintiffs did "not adequately allege facts supporting their allegation that [the defendant] had the ability to supervise or control the alleged infringing action" but instead the "allegation appears to be based solely on [the defendant's] position as CEO" of the company alleged to infringe"). Since Jetsen has failed to plead facts to show that Dr. Peng Holding has the right and ability to supervise Damai's alleged infringing conduct, the Court should dismiss the First Amended Complaint's Third Claim for Relief against Dr. Peng Holding.

### 2. Jetsen has not pleaded facts to show that Dr. Peng Holding has a direct financial interest in the alleged infringing activity.

The First Amended Complaint similarly alleges the legal conclusion that Dr. Peng Holding has a direct financial interest in the alleged infringing activity merely because Dr. Peng Holding is purportedly the "sole member" identified on Damai's LLC filing. (Dkt. 26 at 8 ("As Damai's sole member, Dr. Peng Holding derives a direct financial benefit from Damai's copyright infringement.").) Here again, Jetsen has no authority for its conclusion.

Instead, Jetsen analogizes to *Fahmy v. Live Nation Entertainment, Inc.*, No. 2:15–cv–01158–CAS (PJWx), 2015 WL 3617040 (C.D. Cal. June 8, 2015). (Dkt. 26 at 7–8.) The *Fahmy* court, however, found that the plaintiff had sufficiently plead the direct financial benefit prong by alleging that the defendant, a sponsor, producer, and promoter of live musical concerts, profited substantially from artist Jay-Z's performance of *Big Pimpin'* at the defendant's venues, that Jay-Z's performance of that song was a draw for concert goers, and that the defendant profited from the infringing performances. *Fahmy*, 2015 WL 3617040, at *9. *Fahmy* did not involve an LLC filing or a person identified as a manager on an LLC statement. If anything,

5

*Fahmy* shows that Jetsen's complaint is insufficient because it fails to allege any actual facts showing that Dr. Peng Holding profited from a copyrighted performance that it actively sponsored and promoted.

Simply put, Jetsen has failed to identify any authority for the bare allegation that a person or corporation who is identified on an LLC filing as a manger, without more, is sufficient to assert a claim of vicarious copyright infringement. This is not surprising, because, if true, all LLC and corporate managers could be named in every complaint that alleged vicarious copyright infringement. *See ALS Scan, Inc. v. CloudFlare, Inc.*, CV 16-5051-GW (AFMx), 2017 WL 1520444, at *6 n.4 (C.D. Cal. Feb. 16, 2017) (granting motion to dismiss where complaint merely alleged that the defendant had "the right and ability to control or supervise the direct infringement" and "have directly benefited financially from such infringing activity," but failed to allege any facts substantiating that assertion).

Since Jetsen has failed to plead facts to show that Dr. Peng Holding has a direct financial interest in the alleged, infringing activity, the Court should dismiss the First Amended Complaint's Third Claim for Relief.

**B. Jetsen Has Failed to Plead Adequate Facts to State a Claim against Damai under 47 U.S.C. §§ 605, 553 or California Penal Code §§ 593d, 593e.**

The issue here is straightforward: did Jetsen plead sufficient facts to render it plausible that Damai intercepted a Jetsen cable transmission (47 U.S.C. § 553) or a Jetsen satellite transmission (47 U.S.C. § 605 and California Penal Code § 593)? Jetsen did not. To the contrary, Jetsen simply parroted the statutory language. The First Amended Complaint lacks any allegation, and any facts, stating or suggesting that Damai or anyone else intercepted a cable transmission or a satellite transmission. Jetsen states in its Opposition that because it "is the exclusive licensee of these programs in the United States and did not authorize Damai to access or receive its programs, it was impossible for Damai to obtain these transmissions legally." (Dkt.

6

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF**

LIVE 10854839v.1

26 at 10.) Yet this conclusory statement, even if true, fails to identify any facts in the First Amended Complaint that suggests Damai intercepted a **cable** or **satellite** transmission, which is required to assert a plausible allegation under 47 U.S.C. §§ 553, 605 and California Penal Code § 593.

Jetsen argues that "Courts in this District have found this claim for relief sufficiently pled by alleging similar facts to those contained in Plaintiff's FAC" but fails to identify any such court or decision. (Dkt. 26 at 9.) Jetsen cites to *J&J Sports Productions, Inc. v. Lim*, but in that case the plaintiff pled Sections 605 and 533 claims "in the alternative, alleging that interception was *either* via satellite or cable." CV 14–06981 WDK–PLA, 2015 WL 4366255, at *3 (C.D. Cal. July 16, 2015). Here, Jetsen did not plead Sections 605 and 533 in the alternative, and Jetsen did not allege the interception was either via satellite or cable. In fact, Jetsen failed to allege any type of interception at all, whether satellite or cable. *J&J Sports* further underscores the insufficiency of Jetsen's First Amended Complaint.

Jetsen's conclusory statement that because it "is the exclusive licensee of these programs in the United States and did not authorize Damai to access or receive its programs, it was impossible for Damai to obtain these transmissions legally" (Dkt. 26 at 10) does not provide any factual allegations to plead a claim under 47 U.S.C. §§ 605, 553 or California Penal Code §§ 593d, 593e. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

The Court should dismiss Jetsen's Fourth and Fifth Claims for Relief.

### III.   CONCLUSION

For the foregoing reasons, Jetsen has not alleged any basis on which the Court could find Dr. Peng Holding liable for vicarious copyright infringement. As such, the First Amended Complaint's Third Claim for Relief should be dismissed as against Dr. Peng Holding. The First Amended Complaint has also not alleged any basis on which the Court could find that Damai violated 47 U.S.C. § 605(a), 47 U.S.C. § 553, California Penal Code §§ 593d(a)(1) and/or 593e(a). The First Amended

Complaint's Fourth and Fifth Claims for Relief against Damai should therefore be dismissed.

DATED: February 22, 2021            Respectfully submitted,

                                    RUSS AUGUST & KABAT

                                    _____
                                    Nathan D. Meyer

                                    KING & WOOD MALLESONS LLP
                                    Robert Whitman

                                    Attorneys for Defendants
                                    Damai Entertainment, LLC and
                                    Dr. Peng Holding Inc.

### Attestation Pursuant to L.R. 5-4.3.4(a)(2)(i)

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 22, 2021

                                    _____
                                    Attorney for Defendants
                                    Damai Entertainment, LLC and
                                    Dr. Peng Holding Inc.