UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08627-SVW | Date | March 24, 2021 |
|---|---|---|---|
| Title | *Jetsen Huashi Media US Co., LTD v. Damai Entertainment, LLC and Dr. Peng Holding Inc.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS ORDER DENYING [21] MOTION TO DISMISS.

  Before the Court is Defendants' motion to dismiss.  Dkt. 21.  Defendants move for dismissal of the third, fourth, and fifth causes of action in Plaintiff's First Amended Complaint ("FAC").  *See generally id.*  The third cause of action is a claim for vicarious copyright infringement against both Damai Entertainment, LLC and Dr. Peng Holding, Inc.  The fourth and fifth causes of action are for, respectively, violations of the Federal Communications Act, 47 U.S.C. §§ 605 *et seq.* and 553 *et seq.*, and for violations of Cal. Penal Code §§ 593d(a)(1) and 593e(a).  Defendants argue that Plaintiff's First Amended Complaint fails to allege facts sufficient to raise a plausible inference that Plaintiff is entitled to relief under any of the third, fourth, or fifth causes of action.  *See generally* Dkt. 21.

  The Court rejects Defendants' argument.  The Court finds that Plaintiff has alleged facts sufficient to raise a plausible inference that Defendants violated the Federal Communications Act by intercepting or receiving a cable or satellite signal without authorization and publishing the contents of that signal.  *See Cal. Satellite Sys. v. Seimon*, 767 F.2d 1364, 1366 (9th Cir. 1985) (noting that plaintiff seeking recovery under 47 U.S.C. §§ 605 or 553 must show that defendant intercepted or received cable or satellite signal without authorization and published contents of said signal).  The same facts raise a plausible inference that Defendants violated Cal. Penal Code §§ 593d(a)(1) and 593e(a).  Finally, accepting the facts in the complaint as true—as the Court must at this stage—and relying on the Court's "judicial experience and common sense," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Court finds that Plaintiff's TAC raises a plausible inference that Dr. Peng Holding Inc. is vicariously liable for copyright infringement.

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08627-SVW | Date | March 24, 2021 |
|---|---|---|---|
| Title | *Jetsen Huashi Media US Co., LTD v. Damai Entertainment, LLC and Dr. Peng Holding Inc.* | | |

    Accordingly, Defendants' motion is DENIED. The Court sets a jury trial for July 20, 2021 at 10:00 a.m. and a pretrial conference for July 12, 2021 at 3:00 p.m.

    IT IS SO ORDERED.

                                                                                                                                      :

Initials of Preparer

PMC