UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JETSEN HUASHI MEDIA US CO., LTD, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAMAI ENTERTAINMENT, LLC, a California limited liability company; DR. PENG HOLDING INC., a California corporation; and DOES 1 through 100,<br><br>Defendants. | Case No. 2:20-cv-08627-SVW-Ex<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[Fed. Rule Civ. Proc. 26]** |

WHEREAS, pursuant to Federal Rules of Civil Procedure 26(c) and 29, Local Rule 79-5, it is appropriate for the Court to limit the disclosure of certain confidential information produced in the course of discovery;

WHEREAS, there is good cause for entry of this Stipulated Protective Order;

NOW THEREFORE, Plaintiff Jetsen Huashi Media US Co., Ltd. ("Jetsen"), and Defendants Damai Entertainment, LLC ("Damai") and Dr. Peng Holding Inc. ("Dr. Peng") (collectively, "Defendants") through their respective counsel of record, hereby stipulate, subject to the Court's approval, as follows:

## I.   INTRODUCTION

### A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### B.   GOOD CAUSE STATEMENT

1. Confidential Designations

The parties anticipate that discovery in this matter may involve disclosure of personal phone numbers, personal email addresses, and other personal identifying information that would cause harm if made part of the public record. In order to

protect from the irreparable harm resulting from the disclosure of such material, these types of personal information may be properly designated confidential. The parties further anticipate that confidential business plans, financial information, and similar information regarding how the parties operate their businesses may be produced in the course of this litigation. In order to protect from the irreparable harm resulting from the disclosure of these types of sensitive business information and trade secrets, they may be properly designated confidential.

## 2. Highly Confidential Designations

The parties anticipate there may be documents that are of an extremely sensitive nature that would cause substantial and concrete competitive injury if disclosed to an opposing party in this litigation and that such injury could not be avoided by less restrictive means. The types of documents that might warrant a Highly Confidential Designation, assuming they otherwise meet the above criteria, may include, but are not limited to, proprietary technical information, confidential business plans and strategies, including financing and development, current operation and financial performance, and current and future projections, forecasts and business strategy, as well as financial information for each of the parties.

## 3. Intent of the Parties

A protective order is justified in this matter for the following reasons: to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable use of such material in preparation for trial, to address the handling of such materials at the end of this litigation, and to serve the ends of justice. It is the intent of the parties that information will not be designated as confidential or highly confidential for purely tactical reasons. The parties also intend that no materials will be designated confidential or highly confidential without a good faith belief that such material has been maintained in a confidential, non-public manner, and that

there is good cause why it should not be part of the public record of this case.

## II. DEFINITIONS

**A.** "Action" means *Jetsen Huashi Media US Co., Ltd. v. Damai Entertainment, LLC, et al.*, Case No. 2:20-cv-08627-SVW-E.

**B.** "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

**C.** "CONFIDENTIAL" is a designation that may be applied to any Disclosure or Discovery Material to denote that it is Confidential Information. Information designated as "CONFIDENTIAL" may be used and communicated only as provided in this Protective Order.

**D.** "Confidential Information" is any Disclosure or Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Confidential Information must be marked with the "CONFIDENTIAL" designation according to the terms of this Order.

**E.** "Designating Party" means any Party or any Non-Party from whom discovery is sought in this action and who invokes the protections of this Order.

**F.** <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

**G.** "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated by any Designating Party in disclosures or responses to discovery or subpoenas in this matter.

**H.** "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a non-testifying consultant in this Action.

**I.** "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is a designation that may be applied to any Disclosure or Discovery Material to denote that it is Highly Confidential Information. Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be used and communicated only as provided in this Protective Order.

**J.** "In-House Counsel" means an attorney who is an employee of a Party and whose responsibilities consist of performing legal services for such Party.

**K.** "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

**L.** "Outside Counsel" means outside counsel of record for each Party who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including all attorneys, staff, and clerical and support personnel.

**M.** "Party" means any party to this Action, including all of its officers, directors, managers, managing entities, partners, members, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**N.** "Producing Party" means any Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**O.** "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**P.** "Privilege" or "Privileged" refers to the attorney-client privilege, attorney work-product doctrine, or any other claim of privilege to justify withholding otherwise discoverable information.

**Q.** "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

R. "Receiving Party" means a Party that receives any Disclosure or Discovery Material from a Producing Party.

## III. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## IV. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. DESIGNATING PROTECTED MATERIAL

**A.  Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not

swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**B.     Manner and Timing of Designations.** Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

1. <u>For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings)</u>: that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("HIGHLY CONFIDENTIAL legend") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2. <u>For testimony given in depositions</u>: that the Designating Party identify the Disclosure or Discovery Material and all protected testimony on the record as either Confidential or Highly Confidential before the close of the deposition. Alternatively, counsel for any Party or Non-Party, or the deponent may elect to take fifteen (15) days from the delivery of the final transcript by the reporter

to designate the portions of the deponent's transcript that qualify as either Confidential Information or Highly Confidential Information by transcript page and line number or, if it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that more than 75% or more of the testimony may qualify for protection, the Designating Party may identify the entirety of a transcript as "Confidential" or "Highly Confidential". Until the expiration of this fifteen day period the transcript shall be treated as "Highly Confidential Information." Such designation shall be communicated in writing to all Parties.

3. <u>For information produced in some form other than documentary (such as a DVD containing documents) and for any other tangible items</u>: that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend." If only a portion or portions of the information warrants protection, the Producing Party shall identify the protected portion(s) and produce them separately, to the extent practicable.

  **C.** **Inadvertent Failure to Designate.** An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If feasible, the Designating Party shall promptly provide a copy of any Disclosure or Discovery Material with the proper designation to counsel for the Receiving Party, upon receipt of which the Receiving Party shall promptly return or destroy all copies with the incorrect designation.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  **A.** **Timing of Challenges.** Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's

Scheduling Order.

**B.     Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith pursuant to Local Rule 37.1. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

**C.     Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention pursuant to strict compliance under Local Rule 37-1, the Designating Party shall file and serve a Joint Stipulation, Supplemental Memorandum and Motion to retain confidentiality in strict compliance with Local Rules 37-2 through 37-4. Failure by the Designating Party to make such a motion with appropriate submissions under Local Rule 37 within 30 days from the date of the written notice described in paragraph VI(B) above shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must strictly comply with Local Rules 37-1 through 37-4. The burden of persuasion in any such motion under this provision shall be on the Designating Party. Frivolous motions under this provision, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the moving party to sanctions. Unless the Designating

Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

**A.     Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIII below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**B.     Disclosure of "CONFIDENTIAL" Information.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

2.     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

3.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.     The Court and its personnel;

5.     Court reporters and their staff;

  6. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

  7. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  8. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to receiving any Confidential Information; and

  9. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**C.** **Disclosure of Highly Confidential Information.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Highly Confidential Information only to:

  1. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, as well as one (1) In-House Counsel responsible for managing the litigation, who is not involved in the drafting, preparation, or negotiation of content licensing deals, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  2. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  3. The Court and its personnel;

  4. Court reporters and their staff;

    5. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    6. The author or recipient of a document containing the information or a custodian or other person who otherwise already possessed or knew the information prior to its disclosure by the Receiving Party;

    7. During their depositions, witnesses, and attorneys for witnesses, who already possessed or knew the information prior to the deposition and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

    8. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  **D.** **Request for Additional Disclosure.** If any Party or counsel of record desires to disclose Protected Material to any person other than those otherwise permitted access to such information under the terms of this Protective Order, such Party or counsel must obtain written consent of the Designating Party or the Court authorizing such disclosure. Except as expressly agreed in writing by the Designating Party or ordered by the Court, each person to whom the Protected Material is to be disclosed under this provision VII(D) must execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

  **E.** **No Effect on Party's Own Use.** A Designating Party's designation of information as Protected Material shall not affect its own right to use any information so designated.

## VIII. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

  If a Party is served with a subpoena or a court order issued in other litigation

that compels disclosure of any Protected Materials in this Action, that Party must:

  **A.** Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  **B.** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  **C.** Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

  **A.** The terms of this Order are applicable to Protected Materials produced by a Non-Party in this Action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  **B.** In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   3. Make the information requested available for inspection by the Non-Party, if requested.

   4. If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

In the event that any Disclosure or Discovery Material containing or constituting privileged attorney-client communications or protected by the attorney work product or other applicable doctrine is inadvertently produced, the producing Party and/or Non-Party shall notify the Receiving Party promptly after it is discovered that such material was inadvertently produced for inspection or provided. Upon receipt of such notification, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## XII. MISCELLANEOUS

**A.     Right to Further Relief.** Nothing in this Protective Order abridges the right of any person to seek modification of this Protective Order by the Court in the future, including, but not limited to, by expanding the list of permissible recipients of either Confidential Information or Highly Confidential Information.

**B.     Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**C.     Filing Protected Material.** A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIII. FINAL DISPOSITION

Within sixty (60) days after the termination of this litigation (as defined in

Section IV above) and the expiration of the time for appeal, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that confirms compliance with the terms of this Section. The Receiving Party must make a good faith, reasonable effort to also obtain and provide to the Designating Party a certificate of compliance from any Experts who received Protected Material. Notwithstanding this provision, Outside Counsel of Record and In-House Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV.

### XIV. PENALTIES

Any willful violation of this Order may be punished by contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

[Signatures on the following page.]

| | | |
|---|---|---|
| 1 | Dated: June 16, 2021 | DONAHUE FITZGERALD LLP |
| 2 | | |
| 3 | | By: /s/ Andrew S. MacKay |
| 4 | | Andrew S. MacKay<br>Attorneys for Plaintiff Jetsen Huashi Media US Co., Ltd. |
| 5 | | |
| 6 | Dated: June 16, 2021 | RUSS AUGUST & KABAT |
| 7 | | |
| 8 | | By: /s/ Nathan D. Meyer |
| 9 | | Nathan D. Meyer<br>Attorneys for Defendants Damai Entertainment, LLC, and Dr. Peng Holding Inc. |

### ELECTRONIC SIGNATURE ATTESTATION CERTIFICATE

In accordance with Civil L.R. 5-4.3.4, I hereby attest that all signatories listed on this filing, and on whose behalf it is submitted, concur in this filing's content and have authorized the filing.

| | | |
|---|---|---|
| Dated: June 16, 2021 | | DONAHUE FITZGERALD LLP |
| | | By: /s/ Andrew S. MacKay<br>Andrew S. MacKay<br>Attorneys for Plaintiff Jetsen Huashi Media US Co., Ltd. |

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

| | |
|---|---|
| Dated: 6/16/21 | /S/ CHARLES F. EICK<br>HONORABLE JUDGE CHARLES F. EICK<br>United States Magistrate Judge |

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury under the laws of the United States and California that:

   1.   My address is _____
_____

   2.   I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter *Jetsen Huashi Media US Co., Ltd. v. Damai Entertainment, LLC, et al.*, pending before Hon. Stephen V. Wilson and Hon. Charles F. Eick in the Federal District Court of the Central District of California, Western Division; that I will not use or disclose to anyone any of the contents of any Protected Material received under the protection of the Protective Order except in accordance with the Protective Order; that I will comply with and be bound by the terms and conditions of the Protective Order; and that I hereby submit to the jurisdiction of the Federal District Court of the Central District of California for the purposes of enforcement of the Protective Order, even if such enforcement proceeding occurs after termination of this action.

   3.   I understand and agree that, pursuant to the Protective Order, I am required to and will maintain all Protected Materials in a secure and safe location and shall exercise due and proper care with respect to the storage, custody, use, and disposal of all Protected Material, so as to prevent unauthorized or inadvertent disclosure. I further understand and agree that all Protected Materials are to remain in my custody until they are to be returned or destroyed as specified in the Protective Order. I acknowledge that return or destruction does not relieve me from any of the continuing obligations imposed on me by the Protective Order.

Dated: _____         _____
                                                                                        (Signature)